Bigelow, J.
The objections made to the admissibility of the book of the plaintiffs as evidence, have been substantially overruled by former decisions of this court.
1. The first objection, that the entries were originally entered on a slate by one of the plaintiffs, and thence copied on to the daybook by the other plaintiff, was overruled in Faxon v. Hollis, 13 Mass. 427, and Smith v. Sanford, 12 Pick. 139. Being verified by the oath of both the plaintiffs, they were clearly competent.
2. The next objection is, that the entries were not seasonably made on the book. The evidence, as reported, fails to sustain this objection; the fair inference being, that they were copied tom the slate daily. But if it were not so, it by no *221 means follows that the books would be inadmissible to prove the charges. Although the rule is well settled, that the entries, to be competent, must have been made at or near the time the charges were incurred, it does not fix any precise time within which they must be made. There is no inflexible rule requiring them to be made on the same day. Morris v. Briggs, 3 Cush. 342. In this particular, every case must be made to depend very much upon its own peculiar circumstances, having regard to the situation of the parties, the kind of business, the mode of conducting it, and the time and manner of making the entries. Upon questions of this sort, much must be left to the judgment and discretion of the judge who presides at the trial; because, having the books before him, and understanding all the circumstances of the case, he is better able to decide upon all questions involving the fairness and regularity of the entries sought to be proved.
3. The remaining objection to the plaintiffs’ books is, that there was better evidence in existence of the charges; because, the subject matter of them being for work done by the day, by persons in the employment of the plaintiffs, the testimony of such persons would be the best evidence of such charges. This objection was distinctly overruled in Mathes v. Robinson, 8 Met. 269, and we see no occasion for revising that decision.
4. The remaining exceptions alleged by the defendant are of a different character. At the trial, he offered to prove that, after the commencement of this action, he had filed his petition for the benefit of the insolvent acts; that the proceedings therein were still pending, and that, for various reasons, he had not obtained his discharge, to which he was in fact entitled, as soon as application therefor was duly made by him; and upon these facts, he contended that the court ought not to proceed with the trial of the cause, but were bound to grant him a continuance. We know of no rule of law, by which a defendant, who has applied for the benefit of the insolvent laws, can claim, as a matter of right, the delay of the trial of an action pending against him, at the time of the *222 institution of proceedings in insolvency. In many cases of disputed claims and uncertain amounts, it is expedient and necessary that a trial should be had, in order to enable a party to present his claims for proof. It is, undoubtedly, the universal practice of the courts in this commonwealth, upon the suggestion of the insolvency of a defendant, in an action pending before them, to grant a continuance of the case for a reasonable time, in order to give the defendant a proper opportunity to • procure and plead his discharge in bar of the plaintiff’s claim. Ordinarily, and unless the defendant were guilty of laches in procuring his discharge, continuances would be granted, until, by the due and regular course of proceedings, the discharge is granted or refused. But whether such continuances shall be granted, and for how long a time, must be left to the discretion of the court where the suit is pending, and cannot be claimed as of right. To the exercise of such discretion no exception lies ; and, therefore, the refusal of the court to grant a continuance in the present case cannot be revised here.
The defendant also contended, that the court has no jurisdiction to try the case, because the plaintiffs had offered their claim for proof against the estate of the defendant in insolvency, and, it having been objected to, and its consideration postponed to the fourth meeting, it could not be further litigated before the court. As no reason was given or authorities cited, in support of this position, by the counsel for the defendant, it is difficult to understand the precise grounds on which it rests. The proof of a claim against the estate of an insolvent is a collateral proceeding, wholly independent of and aside from an action pending in court, and having an entirely distinct and different object. It is the only mode in which the creditor can reach his share of the assets in the hands of the assignee, and, so far, it gives him a partial remedy. But the suit at law may still continue, to complete the remedy. If the defendant fails to procure his discharge, or, when obtained, if it is hable to be impeached and set aside for fraud, or other causes, the creditor may, in such cases, continue to prosecute his action to final judgment. The case *223 of Morse v. Reed, 13 Met. 62, is in point, and goes further than is contended for by the plaintiff in this case. There, creditors who had proved their claims and received a dividend from the estate of the insolvent, were allowed to prosecute their suit, commenced before the proceedings in insolvency to final judgment. Exceptions overruled.